UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHUEON MALLORY, | ) | CASE NO. 1:26 CV 232 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHECKR, INC. | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This action was removed from the Cuyahoga County Court of Common Pleas by Defendant Checkr, Inc. ("Checkr") on the basis of federal question jurisdiction. *Pro se* Plaintiff Shueon Mallory brings this action against Checkr under th Fair Credit Reporting Act, 15 U.S.C. § 1681, alleging Checkr reported false information to both a prospective landlord and a prospective employer, and failed to correct the inaccuracy when Plaintiff reported it.  He seeks monetary damages.  Checkr filed a Motion to Dismiss asserting that Plaintiff failed to allege sufficient facts to demonstrate liability under the FCRA.  They further allege that Plaintiff's claims are barred by the applicable statute of limitations.

## I.  BACKGROUND

Plaintiff alleges that he was denied an apartment on October 21, 2013 due to criminal history.  He also alleges he was denied employment with Door Dash based on information provided to them by Checkr.  In November 2019, Door Dash ordered a background report on

Plaintiff in connection with Plaintiff's application to conduct deliveries on the Door Dash

platform.  The report prepared by Checkr included criminal history from Medina County, Ohio.

Plaintiff contends that Checkr reported his conviction as a fourth degree felony when it fact it

was a minor misdemeanor.[1]  Plaintiff indicates he immediately went on the Checkr website and

filed an appeal.  He states, "nothing worked."  (Doc. No. 1-1).  It is unclear if Plaintiff is stating

that Checkr failed to investigate and change the information or if he is suggesting that Checkr

did not provide the corrected information to Door Dash.  He states Checkr blamed Medina

County for keeping inaccurate records.  Plaintiff indicates Medina County's records are accurate

and Checkr refused to take responsibility for the misinformation it provided.  It is unclear if

Checkr has corrected the misinformation.

Plaintiff does not provide much information regarding the legal basis for his claims.  He

simply states, "15 U.S.C. § 1651 Code 195 Code 190 Code 380 + 370."  The Court recognizes

16  U.S.C. § 1651 as the Fair Credit Reporting Act ("FCRA").  There are too many variables for

the Court to construct a cause of action with only the notation "Code 195 Code 190 Code 380 +

370."

Checkr filed a Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(6).

They claim that Plaintiff has not pled facts suggesting that their procedures in preparing and

reinvestigating the information in the report were unreasonable.  They also assert that the

---

[1] A search of the Medina County Court of Common Pleas docket and the Medina Municipal
Court docket showed only one criminal case against Shueon Mallory from 2007 in which he was
convicted on one count of drug abuse, a minor misdemeanor. *See State of Ohio v. Mallory*, No.
07CRB01642 (Medina Muni. Ct. Jan. 4, 2008).  The Common Pleas Court has no record of a felony
criminal case against Mr. Mallory.

Plaintiff's claims are barred the two-year and a five-year statute of limitations set forth in the FCRA.  They indicate that the statute of limitations begins to run when the Plaintiff discovered the inaccuracy, or with respect to an appeal to correct inaccurate information, thirty days after filing the appeal.  They contend Plaintiff discovered the inaccuracy provided to Door Dash in or around November 2019.  He claims to have immediately reported the inaccuracy upon discovery which would place the date of the appeal in or around November 2019.  The Defendants assert that even if the longer of the statute of limitations periods is used, his Complaint would have to have been filed in November or December 2024.  They contend that Plaintiff's filing of this case in January 2026 is beyond the applicable statute of limitations period for filing a claim under the FCRA.

## II.  STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555.  The

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court in *Iqbal*, 556 U.S. at 677-78, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. ANALYSIS

The purpose of FCRA is to require that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the

-4-

confidentiality, accuracy, relevancy, and proper utilization of such information...." 15 U.S.C. § 1681(b).  A "consumer reporting agency" ("CRA") is defined under the Act as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).  A "consumer report" is defined as, "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:....(B) employment purposes."  15 U.S.C. § 1681a(d).  For purposes of the Motion to Dismiss, Checkr does not dispute that it is a CRA or that it provided  Door Dash with a consumer report.

Section 1681e of the FCRA provides certain compliance procedures for CRAs. Most relevant to this matter is a provision requiring that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  If the consumer notifies the CRA of disputed information, the CRA must reinvestigate free of charge and record the current status of the disputed information, or delete

-5-

the item from the file before the end of the 30-day period beginning on the date that the agency receives notice of the dispute from the consumer. 15 U.S.C. § 1681i(a)(1)(A).

The FCRA imposes civil liability for any person who willfully or negligently fails to comply with any requirement imposed under the Act with respect to any consumer. 15 U.S.C. §§ 1681n(a), 1681o(a). Plaintiff alleges that Checkr reported his conviction of a minor misdemeanor as a fourth degree felony and failed to correct it error when Plaintiff brought it to their attention. This is sufficient to state a plausible claim for relief under the FCRA.

The FCRA, however, also includes time limitations for bringing such suits. Claims must be brought no later than the earlier of two years after the date of discovery by the Plaintiff of the event that is the basis for such liability or five years after the date on which the violation that is the basis for such liability occurred. 15 U.S.C. § 1681p. *See Smith v. Encore Credit Corp.*, 623 F. Supp. 2d 910, 921 (N.D. Ohio 2008).

Plaintiff does not state the date on which he discovered the inaccurate information. He claims Checkr provided the inaccurate report to Door Dash in November 2019 and indicates he learned he was denied a job at Door Dash on November 4, 2019 due to information provided by Checkr. He states he went on Checkr's website and noticed that they had listed his conviction as a fourth degree felony rather than as a minor misdemeanor. He claims he immediately filled out an appeal on the website and submitted it. Checkr had 30 days from the date of the appeal to correct or remove the information to avoid violating the FCRA. If Plaintiff submitted his appeal on or near November 4, 2019, as it appears from the pleading, the statute of limitations based on both the date of the violation and the date of discovery would begin to run in November or

-6-

December 2019.  The earlier of the two statute of limitations period is the two-year period based on the date of discovery.  That limitations period expired in November or December 2021.

Moreover, even if the Court applied the five-year statute of limitation period based on the date of the violation, this case would be untimely filed.  The five-year statute of limitations expired, at the latest, in December 2024.  Plaintiff filed this action in January 2026, nearly two years beyond the expiration of the longest limitations period.

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. No. 4-1) is granted and this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

4/8/2026

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.